E-FILED
Friday, 28 March, 2008  04:40:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

LOUIS JAMES,                          )
                                      )
            Petitioner,               )
                                      )
      vs.                             )    Case No.  07-2247
                                      )
UNITED STATES OF AMERICA,             )
                                      )
            Respondent.               )

**GOVERNMENT'S RESPONSE TO PETITIONER'S**
**<u>MOTION UNDER 28 U.S.C. § 2255</u>**

The United States of America, by its attorneys, Rodger A. Heaton, United States

Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United

States Attorney, respectfully submits its response to petitioner's motion under 28 U.S.C.

§ 2255. The government respectfully states the following:

**<u>FACTS/PROCEDURAL HISTORY</u>**

1.      Beginning in as early as 2002, the petitioner was a crack cocaine and

marijuana dealer in Decatur, Illinois. (Tr.365-93) Around the fall of 2002, the petitioner

met Bradley Collier, and from that time to at least the summer of 2003, Collier sold

crack cocaine and cocaine in Decatur, which he obtained from the petitioner. (Tr.363-71)

2.      In January 2004, Collier moved in with the petitioner and his girlfriend,

Tiara Woods, at their house at 1061 East William Street in Decatur. (Tr.207,363-75)

During the two-to-three-week period that Collier lived there, he and the petitioner

distributed marijuana and manufactured and distributed crack cocaine. (Tr.372-73) In

addition, the petitioner owned two .25 caliber pistols and two shotguns. (Tr.374) Collier

eventually moved out of the petitioner's residence, but continued to obtain cocaine from

the petitioner until Collier's arrest in February 2004. (Tr.375-76)

3.     On February 2, 2004, Collier went to the petitioner's house and obtained

one ounce of cocaine from him. (Tr.376-77) After distributing the ounce, Collier

returned to the house and obtained an additional two ounces of cocaine. He then went

to the Best Western motel in Decatur. (Tr.378)

4.     Meanwhile, Decatur police officers, who were surveilling Collier,

observed him travel to and from the petitioner's house. (Tr.129-39) After Collier arrived

at the Best Western motel, officers arrested him and searched his person, his car, and his

motel room. (Tr.140-48,261-71) During the searches, officers seized approximately 74

grams (or a little over two ounces) of cocaine, plastic baggies, and a digital scale.

(Tr.140-48,261-71)

5.     After arresting Collier, officers began surveilling the petitioner's East

William Street house. (Tr.270-77,454-58) Officers observed the petitioner emerge from

the house with two duffel bags and load the bags and his dogs into his car. (Tr.270-

77,454-56) He then left the house, driving in what appeared to be an evasive manner,

and drove to a house at 456 East Johnson Street in Decatur. He remained there for

approximately 30 minutes. (Tr.270-77,454-56) The Johnson Street house was the home of

Evita Boey, the aunt of Tiara Woods. (Tr.271-73)

6.     After departing from the Johnson Street house, the petitioner drove to two

separate residences, remained at each for less than 30 minutes, and then returned to the

2

Johnson Street house. He remained there for just a few minutes. (Tr.410-17) He then left and drove to an alley, where he met with a man named Gary Kirgan. Kirgan got out of his car, entered the petitioner's car, and stayed for approximately one minute. (Tr.410-17) After Kirgan left the area, officers stopped him. During the stop, officers seized a small quantity of crack cocaine and a cell phone from Kirgan's car. (Tr.410-17) The cell phone indicated that a call had been made to the petitioner's phone just prior to his meeting with Kirgan. (Tr.174,416-17)

7.      Officers also conducted a traffic stop of the petitioner. (Tr.327-28,424-26) During a search of the petitioner, officers seized approximately $100 in cash, two cell phones, and a key to the East William Street house. (Tr.327-28,424-26)

8.      Based on the arrest of Collier, officers obtained a search warrant for the petitioner's house. (Tr.148) During the search, officers seized numerous items consistent with drug trafficking. (Tr.176) These items included a rock of crack cocaine, marijuana, several plastic baggies, two digital scales, baking soda, two cell phones, and a stun gun. (Tr.150-174,188,198) In addition, officers seized two loaded 12 gauge shotguns and one loaded .25 caliber pistol. (Tr.153-54,160)

9.      Meanwhile, officers also approached the 459 East Johnson Street house and knocked on the door. (Tr.178,329) Tiara Woods and Evita Boey were inside. (Tr.208) Woods asked who was at the door but did not open it. (Tr.331-33) An officer observed her pick up a shoe box and carry it to the back of the house. (Tr.334) After several minutes, Boey eventually answered the door and gave officers her consent to search the house. (Tr.335-36)

3

10.    During the search, officers found a shoe box in the bedroom. (Tr.179-80) In the shoe box, officers seized a hand-held scale and a Crown Royal bag and a glove that were sitting on top of a pair of shoes. (Tr.180-81,338-39) Inside the glove was a second loaded .25 caliber pistol. (Tr.203-04) Inside the Crown Royal bag and one of the shoes, officers found a Newport cigarette wrapper and several plastic bags that contained more than 80 grams of crack cocaine and 50 grams of cocaine. (Tr.179-88,196-98,203) The petitioner's fingerprint was later found on one of the bags containing crack cocaine that was located inside the shoe. (Tr.481-84) In addition, officers seized several ounces of marijuana from a bag located in the living room of the house. (Tr.205) Finally, officers found a coat in the living room and seized $2,375 in cash from one of the pockets, and an identification card for Woods and $44 in cash from the opposite pocket. (Tr.205-08) The identification card listed an address for Woods of 1061 East William Street. (Tr.207)

11.    On April 7, 2004, the petitioner was charged in a three-count indictment with possession of 50 or more grams of cocaine base (crack) with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1), carrying and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3). (R.7)

12.    Prior to trial, the petitioner moved to suppress evidence seized during the search of his William Street residence. (R.19) Following a hearing and review of the supporting search warrant documents, this Court denied the motion. (docket entry 9/8/04)

4

13.     On September 24, 2004, following a jury trial, the petitioner was found guilty as charged on all counts of the indictment. (docket entry 9/24/04) On February 9, 2005, this Court sentenced the petitioner to 300 months of imprisonment on Count 1 and 120 months of imprisonment on Count 2, to be served concurrently, 60 months of imprisonment on Count 3, to be served consecutively, 10 years of supervised release, and a $300 special assessment. (docket entry 2/9/05;R.54)

14.      On September 22, 2006, the court of appeals affirmed the petitioner's conviction. United States v. James, 464 F.3d 699 (7th Cir. 2006).

15.     On December 26, 2007, the petitioner filed the instant motion under 28 U.S.C. § 2255.

**ARGUMENT**

16.     A § 2255 motion to vacate, set aside or correct a sentence may be brought by a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. It is well settled, however, that a § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." Daniels v. United States, 26 F.3d 706, 711 (7th Cir. 1994). As a result, constitutional errors not raised on direct appeal may not be advanced in a § 2255 motion unless the petitioner can establish that there is cause for the failure and actual prejudice therefrom or that the district court's refusal to consider the claims would result in a fundamental miscarriage of justice. McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996).

17.     Under 28 U.S.C. § 2255(f)(1), absent circumstances not applicable to this case, a petitioner must file a motion under 28 U.S.C. § 2255 within one year from the date on which his conviction becomes final. "[F]inality attaches when finality attaches when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Robinson v. United States, 416 F.3d 645, 647 (7th Cir. 2005). The time for filing a petition for certiorari with the Supreme Court is 90 days from the date the appellate court enters its judgment. See U.S. Supreme Court Rule 13.

18.     A claim of ineffective assistance of counsel is appropriate to bring in a § 2255 motion. To prevail on such a claim, however, a defendant must show that his attorney's performance was objectively unreasonable and that such performance prejudiced the petitioner. See, e.g., Hill v. Lockhart, 474 U.S. 52, 57 (1985); Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Galowski v. Berge, 78 F.3d 1176, 1180 (7th Cir. 1996). A petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689. A petitioner will prevail only by demonstrating a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

19.     An evidentiary hearing on a § 2255 motion is not mandatory." Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996); see Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995). An evidentiary hearing may be denied if "the record conclusively

6

demonstrates that the petitioner is entitled to no relief." <u>Prewitt</u>, 83 F.3d at 820. "[I]t is the rule of [this circuit, however,] that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner ha[s] <u>actual proof</u> of the allegations going beyond mere unsupported assertions." <u>Prewitt</u>, 83 F.3d at 819 (emphasis added). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." <u>Id.</u> Likewise, "[a] petition under [§] 2255 must set forth facts as distinguished from mere conclusion." <u>United States v. Mathison</u>, 256 F.2d 803, 805 (7th Cir. 1958). "A petitioner's allegation supported only by his own assertions [is] not sufficient." <u>Id.</u>; <u>see also</u> <u>Humphrey v. United States</u>, 896 F.2d 1066, 1070 (7th Cir. 1990) ("mere unsupported allegations do not warrant a hearing."); <u>United States v. Lowe</u>, 367 F.2d 44, 45-46 (7th Cir. 1966) (§ 2255 petition found deficient because it "does not show that [petitioner] has proof sufficient . . .").

**<u>Timeliness of Petitioner's Motion</u>**

20.    In this case, the court of appeals entered its judgment affirming the petitioner's conviction on September 22, 2006. Thus, the time for filing a petition for certiotari expired on December 21, 2007. Since the petitioner did not file his motion under 28 U.S.C. § 2255 until five days later on December 26, 2007, it appears that his motion is untimely under § 2255(f)(1).

21.    Even if the motion is timely (presumably under the mailbox rule), it is nonetheless without mert. As an initial matter, the petitioner alleges six claims of ineffective assistance of counsel. Not one of these claims has any evidentiary support or supporting affadavit but rather consist entirely of the petitioner's self-serving

allegations. As such, the petitioner's entire motion is without merit.

**Petitioner's Ineffective Assistance of Counsel Claims**

22.    The petitioner first argues that his appellate counsel was ineffective for failing to file a petition for certiorari with the Supreme Court. The petitioner, however, makes only a conclusory, unsupported allegation that his attorney failed to properly advise him concerning the outcome of his appeal or the filing of a petition. In any event, the petitioner does not have a constitutional right to counsel in seeking certiorari.  See United States v. Price, 491 F.3d 613, 615 (7th Cir. 2007); Ross v. Moffitt, 417 U.S. 600, 617 (1974). Although he does have a statutory right based on the Criminal Justice Act, 18 U.S.C. § 3006A, his remedy is to seek relief with the court of appeals, not in a motion under 28 U.S.C. § 2255. See Price, 491 F.3d at 615; Wilkins v. United States, 441 U.S. 468, 469 (1979) (per curiam).

23.    The petitioner further argues that counsel was ineffective for failing to interview Tiara Woods or Evita Boey. He contends that these witnesses would have supported a defense to the charges. Once again, the petitioner's claim is entirely unsupported. Not only does the petitioner offer no evidence to support any alleged testimony from Woods or Boey, he has failed to provide any affidavits from them to establish that they would have actually testified at trial. As the Seventh Circuit has stated, "a petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, 'a comprehensive showing as to what the investigation would have produced.'" Hardamon v. United States, 319 F.3d 943, 951 (7th Cir. 2003). The petitioner

has not met that burden.

24.     The petitioner further argues that counsel was ineffective for failing to utilize Woods or Boey to challenge the search of Boey's residence or seek dismissal of the indictment based on an alleged unlawful search of that residence. This claim is also entirely unsupported and therefore meritless. Moreover, any challenge by the petitioner to the search of Boey's residence would have been frivolous since the petitioner has presented no evidence to establish that he had any standing to challenge that search. See United States v. Mendoza, 438 F.3d 792, 795 (7th Cir. 2006) (defendant must establish standing as part of challenging a search). Accordingly, this claim is also meritless.

25.     The petitioner argues that counsel was ineffective for failing to allege that the petitioner was the victim of selective prosecution. Again, this claim is conclusory, unsupported, and therefore meritless. Moreover, to establish a claim of selective prosecution, a defendant must demonstrate that the prosecutorial policy had a dicriminatory effect and that it was motivated by a discriminatory purpose. United v. Blake, 415 F.3d 625, 627 (7th Cir. 2005). The petitioner has presented nothing to support either element of a selective prosecution claim.

26.     The petitioner further argues that counsel was ineffective for failing to be adequately prepared or to adequately consult with the petitioner prior to trial. Again, these claims are unsupported. The petitioner offers nothing but his own self-serving assertions to rebut the presumption that his counsel acted reasonably or to establish a reasonable probability that but for counsel's actions, the outcome of the petitioner's trial

would have been different. This claim is therefore without merit.

      27.     Finally, the petitioner argues that his counsel was ineffective in challenging the search of the petitioner's William Street residence. The petitioner's counsel, however, did file a motion to suppress evidence obtained from that search, and this Court denied that motion. The petitioner has presented noting to establish that his counsel acted unreasonably in pursuing the motion to suppress or that this Court incorrectly denied the motion.

      WHEREFORE, the United States of America respectfully requests that the petitioner's motion be denied.

                                    Respectfully submitted,

                                    RODGER A. HEATON
                                    UNITED STATES ATTORNEY

BY:    s/Timothy A. Bass_____
            TIMOTHY A. BASS, Bar No. MO 45344
            Assistant United States Attorney
            201 S. Vine St., Suite 226
            Urbana, IL 61802
            Phone:  217/373-5875; Fax: 217/373-5891
            tim.bass@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following this date:

Louis James
Reg. No. 14248-026
FCI Pekin
Inmate Mail/Parcels
P.O. Box 5000
Pekin, IL 61555

s/Timothy A. Bass
TIMOTHY A. BASS, Bar No. MO 45344
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Phone:  217/373-5875
Fax: 217/373-5891
tim.bass@usdoj.gov

11