UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LOUIS JAMES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 07-CV-2247 |

**OPINION**

On December 26, 2007, Petitioner Louis James filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) and on January 3, 2008, filed a Memorandum in Support (#2). On March 28, 2008, the Government filed its Response (#8). On April 22, May 13, and June 17, 2008, Petitioner filed requests for a 30 day extension of time to reply to the Government (#9, #19, #11), all of which were granted. The last extension gave Petitioner until July 18, 2008, to file his reply. Petitioner did not subsequently file a reply within the allotted time frame. For the reasons that follow, Petitioner's Motion (#1) is DENIED.

BACKGROUND

On April 7, 2004, Petitioner was charged in a three-count indictment with possession of 50 or more grams of cocaine base (crack) with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1), carrying and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2), and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3).  Before trial, Petitioner moved to suppress evidence seized during the search of his residence. Following a hearing, this

court denied the motion to suppress. On September 24, 2004, following a jury trial, Petitioner was found guilty on all three counts in the indictment. On February 9, 2005, this court sentenced Petitioner to 300 months imprisonment on Count 1, a concurrent term of 120 months of imprisonment on Count 2, a consecutive term of 60 months on Count 3, and 10 years supervised release. On September 22, 2006, the Seventh Circuit Court of Appeals affirmed Petitioner's conviction. United States v. James, 464 F.3d 699 (7th Cir. 2006).[1] On December 26, 2007, the Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1).

## ANALYSIS

A § 2255 motion to vacate, set aside or correct a sentence is "neither a recapitulation of nor a substitute for a direct appeal." Daniels v. United States, 26 F.3d 706, 711 (7th Cir. 1994), quoting Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992). Constitutional errors not raised on direct appeal may not be raised in a § 2255 motion unless Petitioner can show cause for failing to raise the issue on appeal and that Petitioner suffered prejudice as a result of the default, or else that "a fundamental miscarriage of justice" would result from failing to consider the claim. McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir 1996). Under 28 U.S.C. § 2255(f)(1), a Petitioner has one year from the date upon which his conviction became final to file a motion under 28 U.S.C. § 2255. Finality attaches when the Supreme Court (i) affirms a

---

[1] On July 29, 2008, Petitioner filed a Motion to Stay (#12). Petitioner stated that he has filed a Motion to Recall Mandate in the Seventh Circuit Court of Appeals and is asking the Seventh Circuit to recall the mandate it issued in his case on October 16, 2006. Petitioner's Motion was filed in the Seventh Circuit on July 30, 2008. In his Motion to Stay (#12), Petitioner asked this court to hold his § 2255 Motion in abeyance or issue a stay pending a ruling by the Seventh Circuit on the Motion to Recall Mandate. This court sees no reason to stay ruling on this matter.

conviction on the merits, (ii) denies a petition for a writ of certiorari, or (iii) the time for filing a petition for a writ of certiorari with the United States Supreme Court expires.[2]

To establish ineffective assistance of counsel, Petitioner must demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness, and (2) that the attorney's deficient performance prejudiced the Petitioner. McDowell v. Kingston, 497 F.3d 757, 761 (7th Cir. 2007), citing Strickland v. Washington, 466 U.S. 690, 694 (1984). In evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance;...that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." Strickland, 466 U.S. at 689, quoting Michel v. State of Louisiana, 350 U.S. 91, 101 (1955). To establish the prejudice prong, Petitioner must show that there is a reasonable likelihood that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Petitioner's claim fails if he does not establish either the reasonableness or prejudice prong of the Strickland test.

Petitioner argues that he received ineffective assistance of counsel because his appellate counsel did not inform him that the Court of Appeals for the Seventh Circuit had denied his direct appeal. Petitioner argues that he was prejudiced by counsel's failure to inform him of the

---

[2]The Government asserts that Petitioner's motion may not be timely. The Court of Appeals affirmed Petitioner's conviction on September 22, 2006. The time for filing a petition for a writ of certiorari thus expired 90 days later, on December 21, 2006, and the time for filing a § 2255 motion expired one year from that date, December 21, 2007. Petitioner's motion was filed five days later, on December 26, 2007. As the Government notes, however, according to the mailbox rule, a prisoner's motion is considered filed on the date the motion is deposited in the prison's internal mail system. While this court does not have the information necessary to determine the exact date that Petitioner put his motion in the prison mail, this court concludes that it is highly likely that the motion was placed in the prison mail by December 21, 2007. Therefore, this court will consider the motion timely filed.

results of his appeal because he missed the window within which he might have petitioned for a writ of certiorari to the Supreme Court. However, the Government is correct that Petitioner's Sixth amendment right to counsel does not include a right to effective counsel in an appeal to the Supreme Court. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Any failure by Petitioner's counsel to file a petition for a writ of certiorari, including the failure to notify him of the outcome of his direct appeal, cannot be construed as ineffective assistance of counsel because Petitioner's right to counsel extends only through the preparation of a direct appeal and no further. See Tyra v. United States, 270 Fed. Appx. 410, 412 (7th Cir. 2008). Moreover, even if right to counsel attached at this stage, to satisfy Strickland's prejudice prong Petitioner would have to show that there was a reasonable probability that he would have had his sentence vacated or remanded had counsel petitioned for a writ of certiorari. Tyra, 270 Fed. Appx. at 412. Petitioner has not provided any evidence to suggest that he was reasonably likely to succeed with this petition, nor what issues he would have had counsel argue on appeal to the Supreme Court. Because Petitioner cannot substantiate a claim that, but for the ineffective assistance of his appellate counsel, his sentence would have been vacated or remanded, he cannot satisfy the prejudice prong of the Strickland test, and his claim of ineffective assistance of counsel fails.

Petitioner next contends that his attorney was ineffective in failing to call two witnesses to testify at his trial. In the absence of detailed information about what a witness would have said, it is not possible to infer that Petitioner has suffered prejudice based on his attorney's decision not to call those witnesses. See Cross v. O'Leary, 896 F.2d 1099, 1100 (7th Cir. 1990). It is the Petitioner's burden to present the Court with "sufficiently precise information" about the nature of the absent testimony, so as to demonstrate that there is a substantial likelihood that the

4

testimony would have led to a different result if presented at trial. Cross, 896 F.3d at 1101. Petitioner asserts that the two witnesses he mentions would have testified that the police used deception to gain entry to their residence.[3] However, the Government is correct that Petitioner has not provided evidence that he had standing to challenge that search. See United States v. Mendoza, 438 F.3d 792, 795 (7th Cir. 2006) (holding that a defendant must have a reasonable expectation of privacy in order to challenge the search of a residence). Nor has Petitioner provided evidence sufficient to create a substantial likelihood that calling these witnesses would have altered the outcome of his trial. If the testimony would not have changed the results of the trial, Petitioner cannot demonstrate the necessary prejudice as a result of his attorney's conduct. Because his claim of ineffective assistance of counsel does not, in this regard, satisfy the prejudice prong of the Strickland standard, Petitioner's claim fails.

In his next claim of ineffective assistance of counsel, Petitioner argues that his attorney did not conduct adequate consultations with Petitioner prior to trial. Petitioner states that he met with his attorney four times for brief visits, and asserts that his trial attorney was not prepared to go to trial, noting, for example, that trial counsel received relevant police reports only the day before trial commenced. However, in evaluating ineffective assistance of counsel claims, courts are obliged to refrain from reconsidering strategic choices with the benefit of hindsight, deferring instead to counsel's decision-making as long as choices are reasonable under the circumstances. See Daniels v. Knight, 476 F.3d 426, 434 (7th Cir. 2007). Petitioner has not provided evidence of how counsel's alleged ill-preparation effected the outcome of his trial. Because Petitioner

---

[3] Petitioner is here referring to the search of the Johnson street residence, one of several searches conducted prior to his arrest. Law enforcement officials conducted this search after the residents gave officers permission to enter the home.

cannot demonstrate that, but for counsel's performance, the outcome of his trial would have been different, he fails the prejudice prong of the Strickland test.

In his final claim of ineffective assistance of counsel, Petitioner argues that his attorney should have challenged the search of Petitioner's residence.[4] The Government is correct that Petitioner's trial attorney did file a motion to suppress this evidence, which the court heard and denied. Petitioner has offered no evidence of a change in law or fact that would merit revisiting an issue already decided by this court. Petitioner also contends that an unidentified source who provided information used in obtaining a search warrant does not actually exist, and that this information was fabricated by law enforcement officials. However, this claim is highly speculative, and it was not incumbent on Petitioner's trial counsel to pursue the issue absent more substantial evidence.

Petitioner finally argues that he was a victim of selective prosecution because he was indicted in federal court, while his co-defendants were prosecuted in state court. Petitioner argues that his attorney should have challenged this as an equal protection violation, as his conviction resulted in a longer sentence. However, courts grant prosecutors significant discretion to determine whether or not to prosecute a defendant, subject to constitutional constraints. See United States v. Armstrong, 517 U.S. 456, 464 (1996). To establish a claim of selective prosecution, a defendant must demonstrate that the prosecutorial policy had both a discriminatory purpose and a discriminatory effect. United States v. Blake, 415 F.3d 625, 627 (7th Cir. 2005). As Petitioner has not provided any evidence of a discriminatory purpose behind

---

[4]Petitioner is here referring to the search of his East William Street home. Officers obtained a search warrant to search this residence based on information obtained during the arrest of one of Petitioner's potential co-defendants.

6

the choice to prosecute him in federal court or any evidence of a discriminatory effect, his claim of selective prosecution fails.

## CONCLUSION

For all the reasons stated, this court concludes that Petitioner is not entitled to relief.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

(2) Petitioner's Motion to Stay (#12) is DENIED.

(3) This case is terminated.

ENTERED this  18th  day of August, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE